UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CR-20007-KMM/Becerra

UNITED STATES OF AMERICA,

v.

KHALIL HALL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** came before the Court following the District Court's referral for a change of plea. ECF No. [28].[1] Based upon the Change of Plea hearing conducted on February 22, 2022, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

1.     This Court advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2.     This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

---

[1] Although this matter was initially referred to United States Magistrate Judge Lauren F. Louis, ECF No. [28], this matter was reassigned to the undersigned following Judge Louis' recusal. ECF No. [30].

3. Defendant pled guilty to Count 20 of the Indictment. Count 20 charges Defendant with reentry of a removed alien, in violation of Title 8, United States Code, Section 1326(a). The Court advised Defendant that as to Count 20, there is a maximum of two years imprisonment, followed by a period of supervised release of up to one year, and a possible fine of up to $250,000.00. The Court also advised Defendant that there is a mandatory special assessment of $100.00.

4. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer. The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer was accurate.

5. There is no written plea agreement.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered a guilty plea to Count 20 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of that offense.

8. A sentencing date has not yet been set. Defendant requested, without opposition from the Government, that sentencing, and the preparation of the pre-sentence investigation report, be conducted on an expedited basis.

9. Defendant is in custody and will remain in custody until sentencing.

10. The parties were also instructed to immediately notify the Chambers of District

Judge K. Michael Moore if the sentencing in this matter is expected to exceed one-half hour.

Accordingly, it is hereby **RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on February 22, 2022.

_____
JACQUELINE BECERRA
United States Magistrate Judge